943 F.2d 55
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
W.H. STEELE, Plaintiff-Appellant,
v.
Donald T. DEES, Rita C. Dees, Lloyd E. Campbell, d/b/a
Northern Motor Inn, Defendants-Appellees.
 No. 90-35672.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 8, 1991.
Decided Sept. 13, 1991.
 
 1
 Before EUGENE WRIGHT and O'SCANNLAIN, Circuit Judges, and MACBRIDE,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 On June 5, 1990, the district court issued an order denying Northern Motor Inn's (NMI) motion to enforce a settlement agreement. The court ruled that there had been no meeting of the minds regarding the important issue of whether the settlement agreement released NMI's insurance company as well as NMI. Having determined that there was no enforceable settlement agreement, the court ordered the parties to trial. Steele, the plaintiff, lost. Judgment was entered on July 24, 1990. Steele appeals the court's ruling that there was no meeting of the minds.
 
 Jurisdiction
 
 4
 NMI challenges this court's jurisdiction to hear this appeal, claiming that the appeal was not timely filed. NMI contends that the June 5, 1990 order qualified as an immediately appealable order under the collateral order doctrine, Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221 (1949), and that, by failing to appeal within allowable time limits, Steele waived his right to appeal.
 
 
 5
 This court need not decide whether the order falls within the collateral order doctrine. An order under the collateral order doctrine is a species of interlocutory order. Interpool LTD. v. Char Yigh Marine (Panama) S.A., 890 F.2d 1453, 1457 (9th Cir.1989). "[W]hen no such appeal is taken from an interlocutory order, 'the interlocutory order merges in the final judgment and may be challenged in an appeal from that judgment.' " Balla v. Idaho State Bd. of Corrections, 869 F.2d 461, 468 (9th Cir.1989) quoting Baldwin v. Redwood City, 540 F.2d 1360 (9th Cir.1976), cert. denied, 431 U.S. 913, 97 S.Ct. 2173 (1977). Thus, even if the order qualified for immediate review under the collateral order doctrine, Steele's failure to immediately appeal was not fatal since the order merged with the final judgement. Steele has timely appealed the final judgement. Jurisdiction is proper under 28 U.S.C. § 1291.
 
 
 6
 NMI also claims that Steele may not appeal the court's June 5 ruling because Steele did not affirmatively move the district court to enforce his version of the settlement agreement. Both Steele and NMI argued below that there was a settlement agreement, although the parties differed as to the terms. Steele's argument below sufficiently preserved the issue because when the court ruled that there was no meeting of the minds, i.e., no agreement had been reached, the court effectively rejected Steele's argument as well as NMI's.
 
 Settlement Agreement
 
 7
 Having determined that the issue is properly before the court, we turn to the merits. Steele appeals the court's ruling that there was no meeting of the minds. The issue of whether there was a meeting of the minds is an issue of fact. Milgard Tempering, Inc. v. Selas Corp. of America, 902 F.2d 703, 712 (9th Cir.1990). Factual findings by the district court are reviewed only for clear error. Gilpin v. McCormick, 921 F.2d 928, 930 (9th Cir.1990). Both sides indicated different understandings of what the settlement agreement included. This court has no basis to conclude there was clear error in the district court's conclusion that there was no meeting of minds.
 
 
 8
 AFFIRMED.
 
 
 
 *
 Honorable Thomas J. MacBride, Senior United States District Judge for the Eastern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3